IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALBERT MILLER,<br>            *Plaintiff,*<br><br>    v.<br><br>WALMART, INC. et al.<br>            *Defendants.* | Civil No. 25-3159 |

**MEMORANDUM**

**Costello, J.**                                                              **October 10, 2025**

      This is a diversity action that was removed from the Philadelphia Court of Common Pleas. *See generally* ECF No. 1. Plaintiff's personal-injury claims arise out of a slip-and-fall incident that allegedly occurred while he was shopping at a Wal-Mart retail facility in Pittsburgh owned and operated by Defendants. *Id.* Defendants filed an unopposed motion to transfer venue to the United States District Court for the Western District of Pennsylvania. *See generally* ECF No. 12. For the reasons that follow, the Court will grant Defendants' motion.

**I.    LEGAL STANDARD**

      A district court may transfer the venue of any civil action for the "convenience of parties and witnesses" or "in the interest of justice" to "any other district or division where it might have been brought[.]" 28 U.S.C. § 1404(a). "Thus, in analyzing a motion to transfer under Section 1404, the Court must first determine whether venue would be proper in the transferee district." *Shelton v. Freedom Forever, LLC*, 24cv4333, 2025 WL 693249, at *1 (E.D. Pa. Mar. 4, 2025) (internal quotations omitted). If so, the Court then considers "all relevant factors to determine whether on balance the litigation would more conveniently proceed and interests of justice be

better served by transfer to a different forum." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) (internal quotations omitted).

There are six "private interest" factors that courts consider in deciding motions to transfer venue: "(1) the plaintiff's choice of forum; (2) the defendant's preferred forum; (3) where the claim arose; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses to the extent they would be unavailable in a particular forum; and (6) the location of evidence to the extent it cannot be produced in a particular forum." *Shelton*, 2025 WL 693249, at *2 (citing *Jumara*, 55 F.3d at 879).

Courts also consider five "public interest" factors: "(1) the enforceability of the judgment; (2) practical considerations that would make trial easy, expeditious or inexpensive; (3) the congestion of the courts' dockets; (4) the local forum's interest in deciding the case; and (5) the trial judge's familiarity with any state law." *Id.* at *4.

The moving party has the burden of establishing that transfer is appropriate. *Id.* at *1. District courts have "'broad discretion' when determining whether transfer is appropriate" under the private and public interest factors. *Id.* (quoting *Jumara*, 55 F.3d at 883).

## II.   DISCUSSION

### a. Venue in the Western District

This action could have been brought in the Western District of Pennsylvania. Under 28 U.S.C. § 1391(b)(2), venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred[.]" Plaintiff's personal-injury claims arise entirely out of a slip-and-fall that allegedly took place at a Wal-Mart shopping facility in Pittsburgh, Pennsylvania. *See* ECF No. 1 at 11-12. Pittsburgh is located entirely within the

geographic bounds of the Western District. Accordingly, venue in that District is proper. *See Shelton*, 2025 WL 693249, at *1.

### b. The Private Interest Factors

<u>Plaintiff's Choice of Forum.</u>  "Although a plaintiff's choice of venue is generally given deference, the plaintiff's choice is not dispositive and receives less weight when none of the operative facts occurred in the selected forum." *Madrazo v. Welcome Hotel Grp., LLC*, 18cv0427, 2018 WL 1942369, at *3 (E.D. Pa. Apr. 25, 2018).  "A plaintiff's forum choice also receives 'considerably less weight' where 'the plaintiff chooses a forum which is not his home.'" *Id.* (quoting *Siegel v. Homestore, Inc.*, 255 F. Supp. 2d 451, 456 (E.D. Pa. 2003)) (further citations omitted).  Plaintiff originally filed this action in the Philadelphia County Court of Common Pleas.  *See* ECF No. 1.  But the operative facts giving rise to the claims—the alleged slip-and-fall incident—took place entirely in Pittsburgh.  *Id.* at 11-12.  Plaintiff also resides in Allegheny County just outside of Pittsburgh.  *See* ECF No. 1 at 5 (civil cover sheet listing Plaintiff's address as Corapolis, PA).  Plaintiff's chosen forum of Philadelphia thus has no apparent connection to Plaintiff or his claims and will therefore be accorded less weight.  *See Yelverton v. Lab'y Corp. of Am. Holdings*, 19cv6045, 2020 WL 2307353, at *4 (E.D. Pa. May 8, 2020) ("Because none of the operative facts occurred in the Eastern District, nor does the Plaintiff reside in the Eastern District, Plaintiff's forum preference is entitled to minimal, if any, deference.").

<u>Defendant's Preferred Forum.</u>  This factor weighs in favor of transfer.  Defendants prefer the Western District because that is where the alleged incident took place.  *See* ECF No. 12 at 6-7.  "Though the defendant's preference is usually entitled to considerably less weight than

3

Plaintiff's," the minimal deference owed to Plaintiff's preference here "tips the scales" in Defendants' favor. *See Shelton*, 2025 WL 693249, at *3 (internal quotations omitted).

<u>Where the Claim Arose.</u>  This factor also weighs heavily in favor of transfer.  Plaintiff has not pled any activity taking place in Philadelphia or the Eastern District.  *See generally* ECF No. 1; *see Yelverton*, 2020 WL 2307353, at *4 (factor weighs in favor of transfer where "Plaintiff has not pled any activity whatsoever" taking place in the forum); *Hamilton v. Nochimson*, 09cv2196, 2009 WL 2195138, at *3 (E.D. Pa. July 21, 2009) ("When the vast majority of the acts giving rise to plaintiff's claims took place in another forum, that weighs heavily in favor of transfer.").

<u>The Convenience of the Parties.</u>  Transfer to the Western District will promote the convenience of the parties here.  This factor is measured by the parties' "relative physical and financial condition[.]" *Jumara*, 55 F.3d at 879.  Plaintiff resides in the Western District where the alleged incident also occurred. ECF No. 1 at 5, 11-12.  It would be timely and costly for Plaintiff to travel hundreds of miles across the state to litigate in the Eastern District.  The Court agrees with Defendants that, "[u]nder such circumstances, it would be more convenient for the parties to litigate this dispute" in the Western District. ECF No. 12 at 8.

<u>The Convenience of the Witnesses.</u>  "A court may consider the convenience of witnesses when ruling on a § 1404(a) motion, 'but only to the extent that the witnesses may actually be unavailable for trial in one of the fora.'" *Cable v. Allied Interstate, Inc.*, 12cv96, 2012 WL 1671350, at *4 (E.D. Pa. May 11, 2012) (quoting *Jumara*, 55 F.3d at 879).  Defendants have "the burden of identifying witnesses who would be unavailable at trial." *Id.* (internal quotations omitted).  Defendants do not say that the expected witnesses would necessarily be unavailable for trial in Pittsburgh.  They contend that "the majority, if not all of the potential witnesses to Plaintiff's claims are located in the Western District . . . and it would be far less burdensome for

4

those individuals to travel to Pittsburgh for trial rather than Philadelphia." ECF No. 12 at 9. They further contend that Plaintiff's treating physicians, who will likely be called as witnesses, reside in the Western District. *Id.* The Court cannot say that the required travel would make these witnesses "actually unavailable," *see Cable*, 2012 WL 1671350, at *4, but agrees with Defendants that it may present practical difficulties that could be preclusive, *see* ECF No. 12 at 8-9. Thus, this factor weighs slightly in favor of transfer.

The Location of Evidence. Where the evidence needed at trial "could easily and inexpensively be transported" to another district, this factor weighs in favor of neither party. *Cable*, 2012 WL 1671350, at *4 (internal quotations omitted). As Defendants point out, modern technology would permit the relevant records here to be produced in both the Western and Eastern Districts, so this factor is neutral. ECF No. 12 at 9.

    c.   **The Private Interest Factors**

Enforceability of Judgment. A judgment in this action would be enforceable in either District. Thus, this factor is neutral. *See Yelverton*, 2020 WL 2307352, at *4 (factor neutral where "there is no likelihood of an enforcement problem in either fora").

Practical Considerations. This factor weighs in favor of transfer. "[A]ll of the facts underlying Plaintiff's claims occurred" in the Western District and all the witnesses are likely to be located there. *See Martin v. McHugh*, 14cv3729, 2014 WL 5801412, at *5 (E.D. Pa. Nov. 7, 2014). As a result, trial in the Western District would be "easier, more expeditious and less expensive." *See id.*

Court Congestion. The Court agrees with Defendants that there is "no concern that administrative difficulties caused by court congestion" in either the Western or Eastern District "would impact the course of this lawsuit." ECF No. 12 at 10-11. This factor is therefore neutral.

5

<u>Local Interest</u>.  This factor favors transfer.  This action involves an alleged incident that occurred in Pittsburgh within the boundaries of the Western District and involving a resident of that District.  *See Martin*, 2014 WL 5801412, at *5 (a district has an interest in adjudicating disputes where "operative facts" occurred in that forum).

<u>Familiarity with State Law.</u>  The Court agrees with Defendants that there is no concern that judges in the Western and Eastern Districts would have different levels of familiarity with Pennsylvania state law.  *See* ECF No. 12 at 12.  This factor is neutral.

### III. CONCLUSION

Because this action could have been brought in the Western District, and all the non-neutral private and public interest factors weigh in favor of this case being litigated in the Western District, the Court will grant Defendants' motion to transfer.  An appropriate Order will follow.

**BY THE COURT:**

_____
MARY KAY COSTELLO, J.